## No. 55.

## BRADY & MCLELLAN *v.* STEAMBOAT EVA, MASTERS AND OWNERS.

1. In default of agreement to that effect, express or implied, persons who do work of construction or repair are not bound to charge those who employ them, for the material and labor furnished, no more than they themselves are made to pay.
2. Such persons, when not mere superintendants disbursing a principal's money, are entitled to compensation for their own services, the judgment and experience and skill employed, and for the use of their tools and appliances, and for the guarantees they assume. Where there is no agreement to the contrary, they may remunerate themselves by charging such advance upon these disbursements as will in the aggregate amount to a fair compensation for their own services, etc.
3. In the absence of express stipulation, the value of such services, etc., as in other cases, is to be determined according to the law of supply and demand. So, where the number engaged in any particular business is limited they may adopt card-rates, which, being observed by all, establish a market-price which is fixed and general.

*Appeal from Fifth District Court. Rogers, Judge.*

*Hornor & Benedict* and *F. W. Baker* for plaintiffs.

*G. L. Hall* for defendant, appellant.

The opinion of the Court in this case was concurred in by L. L. Levy, Esq , judge *ad hoc*, *vice* Rogers, judge, recused, having decided the controversy in the lower court.

McGLOIN, J. Plaintiffs sue the owner and master of the steamboat Eva, *in personam,* and set up a privilege upon the boat, issuing against it a writ of provisional seizure. The demand is for hauling the steamboat out of the water on the ways of plaintiffs' dock and ship yard and for labor and material used in repairing her. The correctness of the bill, as to quantity and character of the labor and materials charged for is amply proven. The prices, however, of the materials used are considerably above the retail prices charged by merchants at their stores for articles of similar kinds. Plaintiffs, however, show that all the dock yards of this city have adopted a schedule of prices to be charged for labor and material applied upon vessels under repair, and that these rates are generally known to persons dealing with them. A copy of the printed card of rates was offered in evidence, and the bill sued upon seems, on the whole, to agree therewith. The judge *a quo* made some deductions, and these we think sufficient to cover any excess, if any existed.

We do not consider that, in default of agreement to such effect, the persons whose business it is to do work either of construction or repair for others are bound to charge no more than such sum as they may have themselves to pay. Were such the rule, persons pursuing avocations such as that of plaintiffs might find themselves compelled to furnish the use of private capital and of their skill and experience to others, and to assume guarantees as to the proficiency of workmen engaged and the soundness of material used, without any compensation whatsoever. We consider that such persons are entitled to remuneration for the use of their property and for the exercise of their judgment and experience and for the service and responsibility of securing competent labor and fitting material, and that they may take payment therefor either by a direct charge, *eo nomine,* or by placing a reasonable advance upon the amount of their disbursements.

And to arrive at what shall be a reasonable charge for labor and material, under such circumstances, we must have proper

regard for the law of supply and demand and be governed by what the exigencies of trade permit persons in the same business as plaintiffs to demand and receive. The schedule of prices adopted and enforced in this case could not be long upheld if parties repairing or building vessels could secure from particular yards, of sufficient capacity, cheaper rates, any more than an undue valuation could be maintained in the market upon flour or other commercial commodities.

We believe the judgment appealed from should not be disturbed, but we do not consider the appeal as frivolous, and so shall not impose damages as prayed for by appellees.

Judgment affirmed, with costs of both courts.